FILED
MARCH 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE UNION (INDEPENDENT) PENSION FUND, a Trust, and JACK STEWART, its Fund Manager and one of its Trustees, ) ) ) ) ) Plaintiffs, ) ) v. ) ) K-S BUILDING CORP., an Illinois corporation, ) ) Defendant. ) | **08 C 1280** <br><br> Case Number **JUDGE MAROVICH** **MAGISTRATE JUDGE VALDEZ** |

# COMPLAINT

Plaintiffs, the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund and Jack Stewart, (collectively, the "Pension Fund") allege as follows:

### JURISDICTION AND VENUE

1. This is an action pursuant to Section 502(a)(3), 29 U.S.C. § 1132(a)(3) for delinquent withdrawal liability payments, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"). This Court has jurisdiction over this action pursuant to section 502(e), 29 U.S.C. §1132(e) and section 4301(c), 29 U.S.C. § 1451(c) of ERISA.

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and section 4301(d) of ERISA, 29 U.S.C. § 1451(d), in that the Pension Fund is administered in Chicago, Illinois.

## PARTIES

4. Plaintiff, Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund is a multiemployer plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3). The plaintiff fund manager, Jack Stewart, is a trustee and a fiduciary of the Pension Fund.  ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3), provides that a fiduciary of an employee benefit plan is authorized to commence a civil action to enforce the obligations which ERISA imposes upon employers.

5. Pursuant to section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1), the plaintiff fund manager is authorized to bring civil actions on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

6. K-S BUILDING CORP. ("K-S BUILDING") is an Illinois corporation that maintains its principal place of business in this judicial district.

7. K-S BUILDING and Schmit-Kane Pipe and Supply Co., an Illinois corporation (a non-party) are members of a "controlled group" as defined in Section 4001(b)(1) of ERISA 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder (hereinafter referred to as the "K-S CONTROL GROUP"). The K-S CONTROL GROUP is engaged in an industry affecting commerce, as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and is an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## COUNT I: WITHDRAWAL LIABILITY

8. The K-S CONTROL GROUP constitutes a single employer within the meaning of section 4001(b)(1) of ERISA 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder.

9. For the period of December 2006 through and including March 2007, a member of the K-S CONTROL GROUP was obligated to contribute to the Pension Fund in accordance with its

collective bargaining agreement with the Chicago Truck Drivers, Helpers and Warehouse workers Union (Independent).

10. For the period of December 2006 through and including March 2007, the K-S CONTROL GROUP was bound by the terms of the Pension Fund's Trust Agreements.

11. The K-S CONTROL GROUP is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

12. The Pension Fund determined that during the plan year of April 1, 2006 to March 31, 2007, the K-S CONTROL GROUP permanently ceased to have an obligation to contribute to the Pension Fund and permanently ceased making contributions to the Pension Fund. As a result of the contribution cessation, the K-S CONTROL GROUP thereby effected a withdrawal as defined in section 4203 of ERISA, 29 U.S.C. § 1383, from the Pension Fund.

13. By letter dated January 16, 2007, the Pension Fund issued and shortly thereafter the K-S CONTROL GROUP received a notice and demand for payment of withdrawal liability in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

14. This notice and demand notified the K-S CONTROL GROUP that it was required to discharge its liability in a lump sum of $44,005.47 by March 1, 2007, or by making 25 quarterly installment payments of $2,074.00 commencing on the first day of each calendar quarter beginning with March 1, 2007, followed by a final installment payment of $2,029.41.

15. By letter dated April 18, 2007, the Pension Fund issued, and shortly thereafter the K-S CONTROL GROUP received, a past due notice in accordance with section 4219(c)(5), 29 U.S.C. § 1399(c)(5), notifying the K-S CONTROL GROUP of the consequences of its failure to pay his withdrawal liability assessments.

16. The K-S CONTROL GROUP has failed to make the required withdrawal liability payments to the Pension Fund and has failed to initiate timely arbitration under section 4221 of ERISA, 29 U.S.C. § 1401 and the governing rules. Consequently, the amount demanded by the Pension Fund is due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1). After all proper adjustments and credits, the K-S CONTROL GROUP owes the FUND the principal sum of $44,005.47

17. Under the Pension Fund's Rules and Regulations Pertaining to Employer Withdrawal Liability ("Rules and Regulations"), the K-S CONTROL GROUP is obligated to pay interest calculated at the commercial prime rate as reported by the Wall Street Journal for the fifteenth (15th) day of the month for which the interest is charged. Moreover, under Rules and Regulations the and ERISA section 502 (g)(2) (C) §29 U.S.C. §1132(g)(2) (C), the K-S CONTROL GROUP is liable for the greater of additional interest or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

   a. A judgment against Defendant on behalf of Plaintiffs in the sum of at least $44,005.47.

   b. A judgment for the interest at the prime rate per annum, additional interest for liquidated damages, court costs, and reasonable attorneys' fees as required by section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

   c. An order compelling Defendant to make interim withdrawal liability payments in accordance with the Pension Fund's notice and demand for payment.

   d. That this Court retain jurisdiction of this cause pending compliance with its order.

   e. For such further or different relief as this Court may deem proper and just.

                          Respectfully submitted,


                          s/Brandon Anderson
                          Brandon M. Anderson
                          One of Plaintiff's Attorneys

Thomas J. Angell
William W. Leathem
Brandon M. Anderson
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Ave., Ste. 1720
Chicago, Illinois 60603
(312) 327-1646